UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-322-KSF

UNITED STATES OF AMERICA                            PETITIONER

vs.        **OPINION AND ORDER GRANTING PERMANENT INJUNCTION**

JONATHAN LEE RICHES                            RESPONDENT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the United States for injunctive relief to prevent further frivolous and vexatious filings by Jonathan Lee Riches ("Riches"). No response to the motion having been filed within the time for filing same, and the Court having considered the record and Riches' history of abuse of the court system, the motion will be granted.

I.     **BACKGROUND**

The United States alleges in its Complaint and offers evidence in its motion of more than three thousand cases in district courts across the country where Riches either initiated an action or in which he moved to intervene or for other relief. [DE 1, 2]. For example, Riches moved to intervene as a Plaintiff in the mass tort litigation arising from the crash of Comair Flight 5191 in Lexington, Kentucky. *In re: Air Crash at Lexington, Kentucky, August 27, 2006*, No. 5:06-cv-316 (E.D. Ky.). He said in his July 25, 2008 motion: "I'm a witness every day to Comair pilots flying poorly over FCI Williamsburg. Some Comair planes fly too low when I'm running in the rec yard, causing my ears to pop. The FAA allows this for intimidation on inmates." [Civil Action No. 5:06-cv-316, DE 3192].

Riches moved to intervene in the case of *BellSouth Telecommunications, Inc. v. Kentucky Public Service Commission*, Civil Action No. 3:06-cv-65 (E.D. Ky.), claiming he had an interest in

the case because Jason Michael Carpenter called him "though Bell South switches and recorded conversations," which were then given to the FBI, who sold them to a CNN producer, who broadcast them on a documentary. *Id.* at DE 90.

He initiated a new action against Gregg "Opie" Hughes, Anthony Cumia, and WNEW-FM, claiming they harassed him on the air and defamed him by saying he bought a home illegally with fraud money and that they played his "prison transcripts" without his consent. *Riches v. Hughes*, Civil Action No. 0:080-cv-85 (E.D. Ky.), DE 2. Judge Wilhoit observed in a June 18, 2008 Opinion and Order that Riches "has now filed a total of 1,825 civil cases and brought 197 civil appeals in the federal courts." *Id.* at DE 3, p. 2; 2008 WL 2478229 at *1 (E.D. Ky. 2008). Accordingly, Riches was enjoined from filing any future civil actions in the United States District Court for the Eastern District of Kentucky unless a complaint was submitted with (a) the filing fee or an allegation of imminent danger of serious physical injury; (b) a statement regarding the basis for jurisdiction and venue; (c) evidence of obtaining permission of the court for the filing; and (d) a copy of the Opinion and Order. *Id.* at *3.

Nonetheless, Riches continued to file actions in the Eastern District. *See Riches v. X-Men Inc.*, Civil Action No. 5:09-mc-112, 2009 WL 997092 (E.D. Ky. 2009); *Riches v. Federal Medical Center Lexington*, Civil Action No. 5:09-mc-122 (E.D. Ky.); *Riches v. Hughes*, Civil Action No. 5:10-cv-226 (E.D. Ky.). In *X-Men* and *Hughes*, Riches apparently added the names of other inmates without their consent, resulting in those inmates filing affidavits stating their names were forged and should be removed from the pleadings. *See Riches v. Hughes*, DE 13, 14; *Riches v. X-Men*, DE 8, 9, 13.

Riches also began bombarding the Western District of Kentucky with his frivolous suits. In *Alcindor v. Wooden*, Civil Action No. 4:10-cv-P78, 2010 WL 2650923 (W.D. Ky. 2010), Riches made claims which the court described as "ridiculous, outrageous, wholly frivolous claims spanning over several decades against Defendants John Robert Wooden, Denny Crum and Bill Walton. Due

to their absurdity, the Court will not repeat the allegations." *Id.* at *1. In *Riches v. Harvard Business Review*, 2009 WL 3514580 (W.D. Ky. 2009), Riches alleged that the defendants "have been calling the main switchboard at FMC Lexington Kentucky every day trying to interview me and trying to voice transcript my life to play on Twitter.com. Defendants created web blogs on my name which puts me in danger from identity theft victims." *Id.* at *1.

Riches filed an action on April 1, 2010, in the United States District Court for the Central District of Illinois, which transferred the action to the Eastern District of Kentucky based on insufficient contacts. *Cowell v Yoga Journal*, Civil Action No. 5:10-cv-119 (E.D. Ky.). In that case, Riches alleges in part:

> The defendants are responsible for secretly shipping me to a yoga refuge camp in Springfield, Illinois, so I can learn to flex my muscles and pose properly for my audition on the American Idol on Fox.... Simon Cowell is a [sic] American Idol Judge and filed this lawsuit with me. Me and Simon Cowell have a sexual relationship together and also with Ricky Martin. Me and Cowell practice yoga together in a steam room located in Springfield.

*Id.* at DE 9, p. 3. The matter was dismissed as "delusional, factually frivolous, and ... a waste and abuse of this court's time and resources." *Id.* at 5. Once again, Riches was enjoined from filings in the Eastern District. *Id.* at 7.

The Western District of Virginia issued an order saying: "The court agrees with several other courts which have found that Riches has no good faith basis for pursuing the litigation and only intends to harass. Further, Riches' excessive filing of frivolous actions has become a burden on this court. ... Accordingly, as Riches has continued to file frivolous and abusive actions, the court will issue a pre-filing injunction against Riches." *Riches v. Various Defendants*, 2008 WL 509547 at *1 (W.D. Va. 2008).

In *Riches v. Deepwater Horizon Rig*, 2010 WL 3036454 (D. Colo. 2010), the court noted, by example, a number of jurisdictions that held Riches violated 28 U.S.C. § 1915(g). *Id*. at *3-*4, citing *Riches v. Karpinski*, 2008 WL 2564785 (W.D. Wis. 2008); *Riches v. Bureau of Prisons*, No. 6:06-cv-0194-MBS (D.S.C. March 17, 2006); *Riches v. Guantanamo Bay*, No. 2:07-cv-13041-VAR

3

(E.D. Mich. August 8, 2007); *Riches v. Giambi*, No. C 07-6156 MJJ(PR) (N.D. Cal. Jan. 2, 2008); *Riches v. Various Defendants*, 1:08-cv-0282-WBH (N.D. Ga. Feb. 21, 2008); *Riches v. Khanani*, 1:08CV24 (N.D. W.V. March 12, 2008); *Riches v. Peterson*, No. 6:08-1092-MBS (D.S.C. May 17, 2008). In *In re Profiler Products Liability Litigation*, 2010 WL 3613928 at *2 (S.D. Ill 2010), the court observed that Riches has filed "well over 5,000" frivolous lawsuits and has been enjoined in a number of jurisdictions. To avoid the "three-strikes rule" and these litigation prohibitions, Riches has sought "to intervene in other people's cases." *Id.* That court also noted that Riches "continues to engage in overtly fraudulent conduct" in the form of forging the names of others as purported interveners. *Id.* at *3.

Despite the many opinions dismissing all actions filed by Riches as frivolous and enjoining further filings, the United States of America states and offers evidence that, between September 14, 2010, when Riches was served with the present injunction action, and September 30, 2010, Riches "has made eleven additional filings, including one against Hulk Hogan." [DE 5].

II. **ANALYSIS**

"Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). *See also In re Darwin Gravitt*, 1987 WL 36293 at *1 (6th Cir. 1987) (quoting same). The Sixth Circuit has approved orders requiring vexatious litigants to obtain leave of court before filing any further complaints in a particular action. *Futernick v. Sumpter Township*, 207 F.3d 305, 314 (6th Cir. 2000). *See also Sassower v. Thompson, Hine & Flory*, 1993 WL 57466 at *2 (6th Cir. 1993) ("Sassower is hereby enjoined from filing, instituting, continuing or prosecuting any civil action in this or any other federal court in this Circuit without first obtaining leave of that court.")

"Prisoners have a constitutional right of access to the courts but such access is not absolute." *Gravitt*, 1987 WL 36293 at *1 (6th Cir. 1987). The Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915, anticipated frivolous litigation by prisoners and provided limitations:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Riches' dismissals for frivolousness or maliciousness are so numerous, so far beyond the three dismissals normally permitted under Section 1915(g), as to be beyond the pale. Riches' filings have put him in the category of being not merely a frequent litigant but an abuser of the judicial system. Litigants who abuse the judicial system are 'not entitled to sue and appeal without paying the normal filing fees – indeed *are not entitled to sue and appeal* period.'" *Riches v. Hughes*, 2008 WL 2478229 at *2 (E.D. Ky. 2008) (quoting *Free v. United States of America*, 879 F.2d 1535, 1536 (7th Cir. 1989).

"[T]he traditional standards for injunctive relief ... do not apply to the issuance of an injunction against a vexatious litigant. ... A history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (quoting *Matter of Hartford Textile Corp*, 681 F.2d 895, 897 (2d Cir. 1982)). In *Ferguson v MBank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986), the court noted that when narrow injunctive relief does not provide the necessary protection for the court, "a broad order may be appropriate if a litigant is engaging in a widespread practice of harassment against different people." *Id.* at 360.

In the present case, Riches is not only engaging in a widespread practice of harassment against different people, but also against numerous courts across the country. When Riches is enjoined from filing in a particular case, he brings new actions against fictitious defendants or forges the names of other alleged plaintiffs. When he is enjoined from filing any new actions, he

5

makes an end run around the injunction by filing motions to intervene or for restraining orders in existing cases. When deterred in one district court, he simply begins filing in another district court, despite having no connection whatsoever with that court. *See Riches v. Deepwater Horizon Rig*, 2010 WL 3036454 at *3-4 (D. Colo. 2010) (discussing interventions and filings in numerous courts). It is clear from the history of Riches' filings that typical forms of injunctive relief are not sufficient to protect the jurisdiction of district courts from conduct that impairs their ability to carry out Article III functions. "The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice." *Persuad v. United States*, 2010 WL 538823 at *5 (E.D. N.Y. 2010). Because Riches is indigent and proceeding *in forma pauperis* or is filing motions that do not require a filing fee, the normal costs of filing do not serve as a disincentive. Monetary sanctions are not likely to be effective. It is also clear that Riches will continue to abuse the judicial process so long as he is able to continue mailing frivolous and vexatious documents to the district courts.

The United States notes that Riches is filing his frivolous litigation "in numerous federal courts across the country" and that "this problem must be addressed locally before Riches' legal mail is sent out." [DE 2 at 4]. Accordingly, it requests that Riches be permanently enjoined from filing any documents in any district court without first establishing that the documents have some legitimate basis in fact and law. *Id.* at 5. The United States proposes enforcement of such an injunction by ordering the Bureau of Prisons to review Riches' outgoing legal or special mail and to return to him without mailing any mail that is directed to any federal court and is facially frivolous, fraudulent, malicious, or without any basis in law or fact. Any mail that the Bureau of Prisons deems to warrant further review may forward the same to the Pro Se office of this Court for further review and submission to the court or returning, as appropriate. [*Id.*; DE2-1].

"A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological

objectives." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). The Court notes that Riches' incoming mail is not affected by the injunctive relief; only outgoing legal or special mail directed to a federal court is to be reviewed. Additionally, because Riches is involving other inmates without their consent, a review of outgoing mail is reasonably related to the security of the prison and other inmates. The excessive burden Riches has already imposed on federal courts demonstrates that broad injunctive relief is warranted.

In light of the history of abuse by Riches, the United States' motion for injunctive relief will be granted.

### III. CONCLUSION

**IT IS ORDERED** that the motion of the United States for a permanent injunction [DE 2] is **GRANTED** as follows:

1. Jonathan Lee Riches is permanently enjoined from using legal or special mail to submit frivolous, fraudulent, or malicious documents having no basis in law or fact to federal courts.

2. Jonathan Lee Riches is further permanently enjoined from using the name of any other inmate or individual and from conspiring with any other person to submit frivolous, fraudulent, or malicious documents having no basis in law or fact to federal courts.

3. The Bureau of Prisons is ordered to review all outgoing legal or special mail submitted by Riches and to return to him without mailing any document that is directed to any federal court and is facially frivolous, fraudulent, malicious, or without any basis in law or fact.

4. If the Bureau of Prisons deems any document to be worthy of further consideration, it may forward the same to the Pro Se office of this Court for further review and submission to the court or returning, as appropriate.

5. This Order will remain in effect so long as Jonathan Lee Riches is in custody in a facility subject to the jurisdiction of the United States District Court, Eastern District of Kentucky.

This October 18, 2010.

**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**